UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-09292-AH-(SKx) | Date  January 16, 2025 |
| Title  *John Roe AA 75 v. Doe 1, et al.* | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10] [JS-6]**

Plaintiff John Roe AA 75 ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand ("Mot." or "Motion"), Dkt. 10. Defendants Doe 1 and Doe 2 ("Defendants") filed a notice of non-opposition. Opp'n, Dkt. 14. And Plaintiff filed a reply. Dkt. 18. The court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing scheduled for January 27, 2025, is therefore **VACATED**.

**I.     DISCUSSION**

This case concerns childhood sexual abuse allegations brought pursuant to California Code of Civil Procedure sections 340.1(a)–(d). Compl. ¶ 13, Dkt. 1-1.[1] On August 26, 2024, Plaintiff filed a Complaint against Doe 1, Doe 2, Doe 3, and Does 4-100 in Los Angeles Superior Court alleging the following claims: (1) negligence; (2) negligent supervision of a minor; (3) sexual abuse of a minor; (4) negligent hiring, supervision, and retention; (5) negligent failure to warn, train,

---

[1] The Court includes these allegations as background and makes no finding as to whether they are true.

or educate Plaintiff; and (6) breach of a mandatory duty. *Id.* The claims arise from allegations that Plaintiff was repeatedly sexually abused by a Church Youth Group Leader from approximately 1977 to 1981. *Id.* ¶ 2.

On October 28, 2024, Defendants removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1 ("NOR" or "Notice of Removal"). Defendants reasoned there was complete diversity among Plaintiff, a citizen of California, Defendant Doe 1, a citizen of Utah, Defendant Doe 2, a citizen of Utah, and Defendant Doe 3, which Defendants believed to be simply a corporate division of Doe 1 and not a separate legal entity. NOR ¶¶ 5–12. Defendants argued in their Notice of Removal that Doe 3 was fraudulently joined. *Id.* ¶ 13.

On November 26, 2024, Plaintiff moved to remand this case to state court. *See* Mot. Plaintiff argues that Doe 3 was always a legal entity listed as a Corporation Sole[2] with the California Secretary of State. *Id.* at 4–5, 11; *see also* Declaration of Lauren A. Welling ¶ 6, Dkt. 10-2.

On January 6, 2025, Defendants filed a Notice of Non-Opposition to the Motion., stating they "do not oppose this particular remand motion at this time." Dkt. 14 at 4. Defendants conceded that, at this time, diversity was not complete because Doe 3 is a California citizen. *Id.* at 3–4.

Based on the record before the Court, there is not complete diversity of citizenship in this case, and therefore the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because the court determines it lacks subject matter jurisdiction, the court must remand this case to state court. 28 U.S.C. § 1447(c). Accordingly, the unopposed Motion is GRANTED. *See also* L.R. 7-12 (explaining that failure to oppose a motion "may be deemed consent to the granting or denial of the motion").

---

[2] "A corporation sole may be formed under this part by the bishop, chief priest, presiding elder, or other presiding officer of any religious denomination, society, or church, for the purpose of administering and managing the affairs, property, and temporalities thereof." Cal. Corp. Code § 10002.

### A. The Court Declines to Award Plaintiff Attorney's Fees

Plaintiff also requests the Court award "costs for the frivolous removal." Mot. at 1. For the following reasons, the Court denies Plaintiff's request.

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Where an objectively reasonable basis for removal exists, attorney's fees may not be granted. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted").

Plaintiff does not claim that an unusual circumstance exists. In fact, Plaintiff mentions a request for costs of the removal only on the first page of its Motion and nowhere else in the briefing. *See* Mot.; Reply, Dkt. 18. The Court may award attorney's fees only if Defendants lacked an objectively reasonable basis for seeking removal. *See Martin*, 546 U.S. at 141. Defendants outlined a reasonable basis for their position in their brief.[3] *See* Dkt. 14. Therefore, the Court finds it is inappropriate to award the costs requested by Plaintiff, and Plaintiff's request is DENIED.

### II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand. The Court **DENIES** Plaintiff's request for attorney's fees. The case is **REMANDED** to the Los Angeles County Superior Court, No. 24STCV21631.

**IT IS SO ORDERED.**

---

[3] It appears the errant removal was based on both (a) Plaintiff's inadvertent identification of the incorrect name for Doe 3, *see* Declaration of Lauren A. Welling ¶ 3, Dkt. 18-1, and (b) Defendant's reliance on that mistake when removing the case before learning that Plaintiff amended the Complaint, *see* Declaration of Rick Richmond ¶¶ 5–8, Dkt. 14-1.